EDWARD B. HAVAS, ESQ. (1425)
DEWSNUP, KING & OLSEN
ATTORNEYS FOR THE PLAINTIFF
2020 BENEFICIAL LIFE TOWER
36 SOUTH STATE STREET
SALT LAKE CITY, UTAH 84111
TELEPHONE: (801) 533-0400

DAN R. HARDEE
MARCUS, MERRICK & MONTGOMERY LLP
ATTORNEYS AT LAW
737 NORTH 7TH STREET
BOISE, IDAHO 83702
TELEPHONE: (208) 342-3563
TELEFAX: (208) 342-2170

FILED
CLERK, U.S. DISTRICT COURT
13 JUL 01 AM 11:35
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JILL HITT, a married person,<br><br>    Plaintiff,<br><br>vs.<br><br>BRISTOL HOTEL & RESORTS, INC., a Delaware corporation, dba The AIRPORT HOLIDAY INN; FELCOR LODGING TRUST INC., a Maryland corporation; CURTIS ENGINEERS, INC., a Utah corporation; CRS POOL SUPPLY, a Utah corporation; PENTAIR POOL PRODUCTS, INC., f/k/a PAC-FAB, a North Carolina corporation,<br><br>    Defendants. | Case No.   2:00CV0970S<br><br>**AMENDED COMPLAINT** |

Plaintiff Jill Hitt complains of Defendants and alleges as follows:



**COMPLAINT - Page 1**

1. Plaintiff is and was at all relevant times a resident of Cassia County, Idaho. Plaintiff, prior to the incident alleged in this Complaint, was injured in an accident and as a result is a paraplegic, paralyzed from the waist down.

2. Defendant Bristol Hotel & Resorts (Bristol) is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Addison, Texas, and doing business in Utah. Upon information and belief, Defendant Bristol was the lessee of and in possession and control of a hotel known as the Airport Holiday Inn ("the hotel") located at 1659 W. North Temple, Salt Lake City, Utah.

3. Defendant Felcor Lodging Trust, Inc. (Felcor), is a corporation organized and existing under the laws of the State of Maryland, having its principal place of business in Salt Lake City, Utah. Upon information and belief, Defendant Felcor leased the hotel to Defendant Bristol.

4. Curtis Engineers, Inc., is a corporation organized and existing under the laws of the State of Utah, having its principal place of business in Salt Lake City, Utah. This entity was involved in designing and/or constructing the subject hot tub at issue in this matter.

5. CRS Pool Supply, is a corporation organized and existing under the laws of the State of Utah, having its principal place of business in Salt Lake City, Utah. This entity may have distributed, installed and/or maintained the light fixture at issue in this manner.

6. Pentair Pool Products, Inc., f/k/a Pac-Fab, is a corporation organized and existing under the laws of the State of North Carolina, having its principal place of business in Salt Lake City, Utah. This entity may have been the manufacturer or successor in interest to the manufacturer of the light fixture at issue in this matter.

7. Jurisdiction of this Court is invoked pursuant to the provisions of 28 USC § 1332.

8. On November 2, 1998, Plaintiff rented a room at Defendant's Bristol/Felcor's hotel. In operating this hotel, Bristol/Felcor extended to the public its accommodations, advantages and privileges.

9. At the time Plaintiff rented a room from Defendants there was located on the hotel premises in the courtyard a swimming pool and hot tub for the use and enjoyment of Bristol/Felcor's guests. The hot tub was manufactured, distributed, sold, installed and/or otherwise placed into the stream of commerce and ultimately put into place at the hotel by one or more of the Defendants.

10. At approximately 10:05 p.m. on November 2, 1998, Plaintiff, with the assistance of her aunt, Mollie Steed, entered the hot tub. At the time Plaintiff entered the hot tub the light inside the hot tub but was not illuminated.

11. A short time after Plaintiff entered the hot tub, the light came on inside the hot tub below the water's surface on the step near the entrance/exit where Plaintiff was sitting. Plaintiff stayed in the hot tub a short time and then returned to her room.

12. Immediately after arriving back at her room Plaintiff undressed and got into the bathtub. Plaintiff then discovered three burns on the right side of her lower waist. Plaintiff touched the burned area and felt a tremendous burning and stinging on her sensation line.

13. Plaintiff was burned by the light in the hot tub.

14. Plaintiff received medical attention for the burns the next morning and was ultimately required to have a skin graft to treat the burns. Plaintiff has suffered permanent injuries, pain, suffering, scarring and other harm, and has incurred and will incur in the future medical and related expenses for treatment for injuries suffered as alleged above, lost earnings and earning capacity, and other damages.

## FIRST CAUSE OF ACTION
(Strict Product Liability)

For her first cause of action, Plaintiff complains and alleges against Defendants as follows:

15. Plaintiff incorporated by reference the allegations of Paragraphs 1 through 14 above.

16. Defendants Curtis Engineers, Inc., CRS Pool Supply and Pentair Pool Products, Inc., f/k/a Pac-Fab designed, manufactured, distributed, sold and/or installed the above-described hot tub, which was in the normal course of distribution provided to and utilized by Felcor/Bristol at the hotel for its intended purpose.

17. The hot tub was without any substantial change in the condition in which it was sold.

18. The hot tub was in a defective condition and was unreasonably dangerous to Plaintiff and other foreseeable users. The defective conditions include, but are not limited to, placement of a light capable of inflicting burns in a location where users would foreseeably come in contact with it, the lack of an adequate guard around the light to prevent burns, and inadequate warning about the dangerous light.

19. At all times relevant hereto, Plaintiff used the hot tub in a proper, intended and normal manner.

20. The defective and dangerous condition of Defendants' hot tub proximately caused Plaintiff's injuries and damages as set forth above.

21. Defendants are strictly liable to Plaintiff for said injuries in the amounts set forth below.

## SECOND CAUSE OF ACTION
(Negligence Against Defendants Bristol and Felcor)

For her second cause of action, Plaintiff complains and alleges against Defendants as follows:

22. Plaintiff incorporated by reference the allegations of Paragraphs 1 through 21 above.

23. Defendants Bristol/Felcor owed a duty to the Plaintiff to maintain the premises in a reasonably safe condition, to eliminate hazards insofar as reasonably practicable and/or to warn Plaintiff of hidden perils on the premises.

24. Defendants Bristol/Felcor were negligent and failed to exercise due care for the safety of Plaintiff by maintaining an unreasonably dangerous hot tub with a light inside the hot tub capable of causing severe burns to occupants, failing to provide notice or warning of the dangers presented by the light or otherwise failing to properly keep and maintain the hot tub so as to avoid causing injury.

25. By reason of its negligence as set forth above, Defendants are liable to Plaintiff for all injuries sustained by her in amounts set forth in Plaintiff's prayer for relief below.

## THIRD CAUSE OF ACTION
(Negligence by Defendants Curtis Engineers, Inc., CRS Pool Supply
and Pentair Pool Products, Inc., f/k/a Pac-Fab)

For her third cause of action, Plaintiff complains and alleges against Defendants as follows:

26. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 25 above.

27. Defendants Curtis Engineers, Inc., CRS Pool Supply and Pentair Pool Products, Inc., f/k/a Pac-Fab negligently designed, tested and/or manufactured the above-

referenced hot tub, thereby proximately causing Plaintiff's injuries as described above. In particular, Defendants Curtis Engineers, Inc., CRS Pool Supply and Pentair Pool Products, Inc., f/k/a Pac-Fab negligently incorporated an inappropriate light into the hot tub, failed to provide adequate guarding against the exposed light in the hot tub, located the light in an unsafe location where foreseeable users of the hot tub could be injured, failed to properly instruct and warn users of its hot tub concerning foreseeable dangers and risks of injury to said users when the equipment was used in the manner intended by Defendants and/or otherwise failed to exercise reasonable care to avoid injury to foreseeable users, which negligence proximately caused Plaintiff's injuries as described above.

28. By reason of its negligence as set forth above, Defendants are liable to Plaintiff for all injuries sustained by her in amounts set forth in Plaintiff's prayer for relief below.

### FOURTH CAUSE OF ACTION
(Breach of Warranties by Defendants Curtis Engineers, Inc., CRS Pool Supply and Pentair Pool Products, Inc., f/k/a Pac-Fab)

For her fourth cause of action, Plaintiff complains and alleges against Defendants as follows:

29. Plaintiff incorporated by reference the allegations of Paragraphs 1 through 28 above.

30. Defendants Curtis Engineers, Inc., CRS Pool Supply and Pentair Pool Products, Inc., f/k/a Pac-Fab hot tub was not fit for the ordinary purposes for which such equipment is used, was unmerchantable within the meaning of Utah code Ann. § 70A-2-314 (1953 as amended) and was inadequate for its specific intended purposes.

31. The defective condition of Defendants' hot tub constitutes breaches of Defendants' implied warranties of merchantability and suitability for intended purposes, rendering Defendants liable for all injuries sustained by Plaintiff in amounts to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For judgment in favor of Plaintiff and against Defendants for special damages, including but not limited to medical and other expenses, lost wages and lost future earning capacity, in such amounts as are appropriate and to be proved at trial.

2. For judgment in favor of Plaintiff and against Defendants for general damages in such amounts as are appropriate and to be proved at trial.

3. For an award to Plaintiff of her costs herein, and for such other and further relief as the Court may find to be just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a trial by jury on all issues contained in this Complaint.

Dated this 31 day of May, 2001.

MARCUS, MERRICK, MONTGOMERY,
CHRISTIAN & HARDEE, L.L.P.

By _____
Dan R. Hardee
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2001, I caused a true and correct copy of the foregoing to be served by U.S. mail, first-class postage prepaid, on—

Paul M. Belnap
STRONG & HANNI
Sixth Floor Boston Building
#9 Exchange Place
Salt Lake City, Utah 84111

*[signature]*